Case 2:24-cv-05214-SB-RAO   Document 8   Filed 09/10/24   Page 1 of 6   Page ID #:74

FILED
CLERK, U.S. DISTRICT COURT
9/10/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___LFA___ DEPUTY

1  E. MARTIN ESTRADA
   United States Attorney
2  DAVID M. HARRIS, AUSA
   Chief, Civil Division
3  ROSS M. CUFF, AUSA
   Chief, Civil Fraud Section
4  California State Bar No. 275093
         Room 7516, Federal Building
5        300 N. Los Angeles Street
         Los Angeles, California 90012
6        Tel: (213) 894-7388   Fax: (213) 894-7819
         Email: ross.cuff@usdoj.gov
7
   Attorneys for the United States of America
8

9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**,<br><br>Plaintiff[s],<br><br>v.<br><br>**[UNDER SEAL]**,<br><br>Defendant[s]. | No. 2:24-CV-05214-SB-RAOx<br><br>STIPULATION REQUESTING NUNC PRO TUNC EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING NUNC PRO TUNC EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; DECLARATION OF ROSS M. CUFF IN SUPPORT THEREOF; (2) [PROPOSED] ORDER EXTENDING SEAL AND UNITED STATES' ELECTION PERIOD] |

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division
ROSS M. CUFF, AUSA
Chief, Civil Fraud Section
California State Bar No. 275093
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-7388   Fax: (213) 894-7819
    Email: ross.cuff@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DAVID S. PHILLIPS and BEN CHAIB,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOS ANGELES FILM SCHOOL, LLC; FULL SAIL UNIVERSITY; JAMES W. HEAVENER; DIANA DERCYZ-KESSLER; PAUL KESSLER; and DOES 1-10,<br><br>    Defendants. | No. 2:24-CV-05214-SB-RAOx<br><br>STIPULATION REQUESTING NUNC PRO TUNC EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING NUNC PRO TUNC EXTENSION OF SEAL AND UNITED STATES' ELECTION PERIOD; DECLARATION OF ROSS M. CUFF IN SUPPORT THEREOF; (2) [PROPOSED] ORDER EXTENDING SEAL AND UNITED STATES' ELECTION PERIOD] |

1    IT IS HEREBY STIPULATED AND AGREED by and between the *qui tam*
2  plaintiffs David S. Phillips and Ben Chaib ("Relators") and the United States of America
3  ("United States"), through their respective attorneys of record and subject to the approval
4  of the Court, that (1) the United States shall have an additional six months, measured
5  *nunc pro tunc* from the expiration of the initial 60-day investigation period, to and
6  including March 2, 2025, within which to file their notices of election regarding
7  intervention in this action, pursuant to 31 U.S.C. § 3730(b)(4); and that (2) pursuant to
8  31 U.S.C. § 3730(b)(3), the Complaint and all other papers filed or lodged in this action
9  shall remain sealed, to and including March 2, 2025.
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

2

The reasons for this request are set forth in the Memorandum of Points and Authorities and Declaration filed concurrently herewith.[1]

Respectfully submitted,

Dated: September 3, 2024

*Mark Kleiman /by RMC*

MARK KLEIMAN
POOJA RAJARAM
KLEIMAN/RAJARAM

Attorneys for Relator

Dated: August 31, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division

*Ross M. Cuff*

ROSS M. CUFF
Assistant United States Attorney
Chief, Civil Fraud Section
Attorneys for the United States of America

---

[1] Federal Rule of Civil Procedure 5(a) does not require this Stipulation, the [Proposed] Order lodged herewith, or the Supporting Memorandum and Declaration filed herewith to be served upon the Relators. To the extent the United States or Relators choose to serve a document in this action upon each other, or are required to do so, the United States and Relators, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), hereby agree to accept service from each other by email to their respective undersigned counsel of record.

3

## DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, ROSS M. CUFF, declare:

1. I am an Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

> (a) Service: When Required.
>
> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
>
> (A) an order stating that service is required;
>
> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>
> (D) a written motion, except one that may be heard ex parte; and
>
> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
>
> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
>
> (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the

1  document to which this Declaration is attached.  The said document also is not a
2  pleading that asserts "a new claim for relief" against any "party who is in default for
3  failing to appear."  (Rule 5(a)(2).)  Nor was the above-captioned action "begun by
4  seizing property."  (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require
5  the document to which this Declaration is attached to be served upon any party that has
6  appeared in the above-captioned action.

8      I declare under penalty of perjury that the foregoing is true and correct.
9      Executed on August 31, 2024, at Los Angeles, California.

*/s/ Ross M. Cuff*
ROSS M. CUFF