Bradley J. Bondi (*pro hac vice*)
Nicholas J. Griepsma (SB# 321843)
Lawrence E. Slusky (*pro hac vice pending*)
bradbondi@paulhastings.com
nicholasgriepsma@paulhastings.com
lawrenceslusky@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

D. Scott Carlton (SB# 239151)
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Gina Cora (*pro hac vice pending*)
ginacora@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY, 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Attorneys for Defendants*
*Diana Derycz-Kessler and Paul Kessler*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DAVID S. PHILLIPS and BEN CHAIB,<br><br>*Plaintiffs*,<br><br>vs.<br><br>LOS ANGELES FILM SCHOOL, LLC; FULL SAIL, LLC, D/B/A FULL SAIL UNIVERSITY; JAMES W. HEAVENER; DIANA DERYCZ-KESSLER; PAUL KESSLER; *and* DOES 1-10,<br><br>*Defendants*. | No. 2:24-cv-5214 SB (RAOx)<br><br>**DECLARATION OF GINA CORA PURSUANT TO LOCAL RULE 7-3**<br><br>**Hearing**<br><br>**Date**: January 23, 2025<br>**Time**: 8:30 a.m.<br>**Courtroom**: 6C<br>Hon. Stanley Blumenfeld, Jr., Presiding |

I, Gina Cora, declare and state as follows:

1. I am counsel at the law firm Paul Hastings LLP. I am licensed to practice law in the State of New York, and my application for admission *pro hac vice* in this action is pending. Dkt. 57. I am counsel for Defendants Diana Derycz-Kessler and Paul Kessler in this action. I have personal knowledge of the matters set forth herein, except where otherwise noted, and if I am called upon to testify, I could and would testify competently.

2. I understand that the Kesslers became aware of Relators' original complaint after it was unsealed by the Court on May 6, 2025. Dkt. 16. On August 19, 2025, following an August 13, 2025 teleconference, my colleague, Bradley J. Bondi, who also represents the Kesslers, sent a letter to counsel for Relators David Phillips and Ben Chaib identifying various factual inaccuracies and legal deficiencies in the complaint, including that (1) the complaint omitted any allegations linking Paul Kessler to the purported false certifications made by the Los Angeles Film School ("LAFS"), and there was no basis to include him in the lawsuit; (2) the complaint included several factual inaccuracies, including misidentifying Mr. Kessler as CEO of Wizard World Entertainment, LLC, and alleged conduct by Diana Derycz-Kessler that never took place; and (3) the complaint was barred by the applicable statute of limitations. Mr. Bondi further explained that the baselessness of Relators' allegations and Mr. Phillips's prior use of harassing litigation tactics indicated that Relators filed the complaint for an improper purpose. He requested that Relators dismiss the Kesslers from this action.

3. Relators' counsel, Mark Kleiman, responded to Mr. Bondi's August 19, 2025 letter on September 8, 2025. He acknowledged that the complaint inaccurately described Paul Kessler as Wizard World's CEO, and he acknowledged he "should have caught" the error and "corrected" it "before filing." He represented that he would "correct" that error but disagreed with the remainder of Mr. Bondi's arguments from his August 19, 2025 letter.

4. On September 11, 2025, Mr. Bondi responded to Mr. Kleiman's letter and reiterated that Relators failed to identify a colorable basis for including Paul Kessler as a defendant in this action and thus should dismiss him from it. Mr. Bondi specifically explained the insufficiency of the complaint's allegations that Paul Kessler caused any allegedly false certifications to be made.

5. On September 25, 2025, I met and conferred with Mr. Kleiman by telephone. On this call, I reiterated that Relators' current complaint was subject to dismissal because it was time-barred, was precluded by prior agreements between Relators and Defendants releasing claims, was not pled with particularity as required by Rule 9(b), and failed to state a claim against either of the Kesslers. I also highlighted the complaint's misstatement that Paul Kessler was CEO of Wizard World, and I emphasized the marked insufficiency of the other allegations as to Paul Kessler. In response, Mr. Kleiman said again that Relators intended to amend the complaint, they disagreed about the law governing the applicable limitations period, and claimed the conduct alleged in the complaint fell outside the scope of the prior releases given by Relators. Mr. Kleiman said Relators' amended complaint would add allegations pertaining to emails from 2015 and 2016 involving Paul Kessler and would correct the misstatement that Mr. Kessler was CEO of Wizard World.

6. At the September 26, 2025 case management conference, Relators' counsel told the Court that Relators intended to file an amended complaint. The Court advised Relators' counsel "to make sure that you're working with defense counsel to flesh out what the issues are," and that if Relators sought further amendments after they filed their amended complaint, the court would deem that "a failure of the meet and confer process" that would "violate the spirit of what the Court is doing." *See* Ex. 1, Hearing Transcript at 25:5-13. The Court emphasized that the expectation was that the amended complaint would be Relators' "best shot." *Id.* at 25:17-25. A true and correct copy of the September 26, 2025 hearing transcript is attached hereto as Exhibit 1.

7. On October 9, 2025, I sent Relators' counsel an email memorializing the issues discussed on the September 25 call and identifying specific factual errors in the complaint. I also offered to confer further before the October 14 deadline for Relators' amended pleading if it would help Relators further understand why they should drop the Kesslers from their lawsuit.

8. The next day, Mr. Kleiman responded with a clarifying question about a factual inaccuracy we identified regarding the characterization of one of the contracts Relators alleged Diana Derycz-Kessler signed. I responded, answering his question. Mr. Kleiman did not ask to meet and confer further prior to filing the amended complaint.

9. On October 14, 2025, Relators' counsel filed a first amended complaint ("Amended Complaint"). The Amended Complaint no longer identifies Paul Kessler as Wizard World's CEO, but it misidentifies him as Wizard World's President, a position that I understand he has also never held.

10. In accordance with Local Rule 7-3 and the Court's Standing Order for Civil Cases, the parties met and conferred via a Zoom videoconference on November 5, 2025, to discuss the bases for Defendants' intended motions to dismiss the Amended Complaint. I attended the conference on behalf of the Kesslers, along with my colleagues D. Scott Carlton and Lawrence Slusky. Mazda Antia and Victoria Pasculli attended the conference on behalf of defendants LAFS, James Heavener, and Full Sail University (collectively, "LAFS Defendants"). Mr. Kleiman attended on behalf of Relators.

11. During the November 5 conference, I identified the deficiencies in the Amended Complaint that the Kesslers would raise in their motion to dismiss.

12. First, I explained that Relators' claims against the Kesslers were time-barred under both, alternative limitations periods applicable to FCA claims. I explained that based on the dates of the Kesslers' alleged conduct and the date the DOE was aware of the purported misconduct, both periods lapsed in 2023.

13. Mr. Kleiman asserted that under the Supreme Court's decision in *Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 587 U.S. 265 (2019), the default six-year and three-year FCA limitations periods "stack"—meaning a nine-year limitations period applies to Relators' claims. I explained that this position contradicts the plain meaning of both the statutory text and *Cochise* itself, and I asked Mr. Kleiman to cite authority supporting his interpretation. Mr. Kleiman could not do so.

14. Mr. Kleiman also contended that, even assuming my interpretation of the limitations period controlled, Relators' claims were nonetheless timely. He explained that the Amended Complaint alleges Relators fraudulently concealed material information from the DOE during its audit of LAFS after 2017, and that the Department of Justice did not learn of the alleged fraud until June 20, 2024, when Relators filed their complaint in this action. When I asked Mr. Kleiman to identify, in the Amended Complaint, any allegations of fraudulent concealment after 2017, he could not. Instead, he insisted that the Amended Complaint "implied" that the fraudulent concealment continued after 2017. I explained that his claims could not survive dismissal based on unpled "implications," and he had no response.

15. Second, I explained to Mr. Kleiman that Relators' claims against the Kesslers were separately barred by contractual releases of FCA claims Relators executed. Mr. Kleiman admitted these releases existed, but he said they were unenforceable because public policy precluded release of FCA liability. My co-counsel for the LAFS Defendants and I asked Mr. Kleiman to send us Ninth Circuit case law to this effect. To date, he has not done so.

16. Third, I asked Mr. Kleiman if he could identify any allegations in the Amended Complaint indicating that Mr. Kessler even knew of any of the alleged false certifications allegedly submitted by LAFS. Mr. Kleiman cited paragraph three of the Amended Complaint, which merely asserts, in conclusory fashion, that "Heavener and the Kesslers caused LAFS' false certifications." When I told Mr.

Kleiman this was deficient under the rigorous pleading standards applicable to FCA claims, he had no response.

17. Finally, I asked Mr. Kleiman why the Amended Complaint inaccurately referred to Paul Kessler as Wizard World's President. *See* Amended Complaint ¶22. I told Mr. Kleiman this error was particularly egregious because we had previously conferred with him about the original complaint's misstatement that Paul Kessler was CEO of Wizard World, he had agreed to fix the error, and then he had filed the Amended Complaint again misstating Mr. Kessler's position as President of Wizard World without first seeking to confer with counsel for Mr. Kessler to verify its accuracy. Mr. Kleiman said he had a relied on a document stating Mr. Kessler was President of Wizard World, and he promised to send it to me. He did not do so.

18. On November 6, 2025, Mr. Kleiman conceded in an email that the Amended Complaint misidentified Paul Kessler as Wizard World's President. He asked if we would stipulate to an amended complaint correcting the error. I responded the same day explaining that Relators should not be given leave to amend the complaint again because they failed to correct an error that was already brought to their attention—which constituted a failure of the meet and confer process. I nonetheless said we would agree to meet and confer with him. I also asked Relators to dismiss voluntarily Mr. Kessler from the Amended Complaint given this factual inaccuracy and the overall paucity and weakness of the allegations against him.

19. On November 7, 2025, Mr. Kleiman again asked, via email, if the Kesslers would stipulate to an amended complaint correcting the characterization of Paul Kessler's role. He said that if we did not agree, he intended to move to amend under Rule 15(a). He also asked to meet and confer about this issue.

20. I responded that it would be futile for Relators to file a second amended complaint correcting the false allegation that Paul Kessler is the President of Wizard World because Relators' allegations as to Paul Kessler are subject to dismissal for

1  the reasons discussed in previous conferences.  I agreed, however, to meet and confer
2  with Mr. Kleiman.

3      21.    On November 10, 2025, the same individuals who attended the November 5 conference, including myself, met with Mr. Kleiman via Zoom videoconference.  On the call, Mr. Kleiman reiterated his request that we stipulate to a second amended complaint correcting the amended complaint's misstatement regarding Mr. Kessler's position at Wizard World and a typo in another allegation.  I maintained that we would not stipulate to an amended complaint because any amendment would be futile.

    22.    We also asked Mr. Kleiman if he had any authority supporting his position that Relators' settlement agreements were unenforceable.  He said he would send this authority to Defendants' counsel "within 36 hours."  To date, he has not.

    23.    In email correspondence after the November 10 call, Mr. Kleiman asked if Defendants would stipulate to a Notice of Errata and Corrected First Amended Complaint that would make three changes, including to change the allegation about Mr. Kessler's role in Wizard World.  I told Mr. Kleiman that he must send us a Corrected First Amended Complaint that was identical in all respects to the filed version except for the three changes he identified in the Notice of Errata, for us to review before we could provide our position.  Mr. Kleiman did not do so prior to the filing of this motion, despite our repeated requests.

    24.    Despite meeting and conferring in good faith and on multiple occasions, the parties are at an impasse on each issue raised in the Kesslers' motion to dismiss and require Court involvement to resolve the motion.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 14th day of November in New York, New York.

Dated: November 14, 2025

BY: *Gina Cora*
Gina Cora

*Attorney for Defendants Diana Derycz-Kessler and Paul Kessler*